IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ADEBISI TAFIKE ADIGUN,**

        **Plaintiff,**

vs.                              No. 13-1281-DRH

**UNITED STATES OF AMERICA,**

        **Defendant.**

## ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc.1). On April 11, 2011, the Court sentenced Adigun to 151 months in prison. *United States v. Adigun*, 10-40033-GPM; Doc. 144. During the proceedings, Adigun was represented by attorneys N. Scott Rosenblum and Adam Fein. Thereafter, Adigun filed a notice of appeal. *Id*. at Doc. 149. On January 22, 2013, the Seventh Circuit Court of Appeals issued the Mandate in this case affirming Adigun's sentence. *Id* at Doc.176.

    In his § 2255 petition, defendant raises a slew of arguments for relief, all which center around claims of ineffective assistance of counsel. Although petitioner did not raise all these grounds on appeal, he may proceed on his §2255 petition if he can show either "cause for the default

and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added); *see also Edwards v. Carpenter,* 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause. However, "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984),] [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must satisfy yet another two pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*, 466 U.S. at 688, 694. In *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), the Seventh Circuit held that a § 2255 movant need not demonstrate prejudice when raising an allegation of ineffective assistance of counsel where petitioner's lawyer failed to file a requested direct appeal. *Id*. at 719.

The Court **ORDERS** the government to file a response to petitioner's motion on or before January 16, 2014. The government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

Signed this 16th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.16 11:55:09 -06'00'

**Chief Judge
United States District Court**