# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADEBISI TAFIKE ADIGUN, | ) |
| Petitioner, | ) ) ) |
| vs. | )  Case No. 3:13-CV-1281-NJR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion to Reconsider § 2255 Motion filed on October 18, 2018, by Petitioner Adebisi Tafike Adigun (Doc. 60). For the reasons set forth below, the motion is denied.

### BACKGROUND

On August 3, 2010, Adigun was charged in a Superseding Indictment with one count of conspiracy to distribute and two counts of possession with intent to distribute crack and powder cocaine (Case No. 4:10-CR-40033-JPG, Doc. 34).[1] Adigun filed a motion to suppress certain evidence, which now-retired District Judge G. Patrick Murphy initially granted (*Id.*, Docs. 79-80). Upon a motion to reconsider filed by the Government, however, Judge Murphy overturned his previous decision to suppress the evidence (*Id.*, Doc. 165). After Adigun filed a motion to reconsider *that* decision, Judge Murphy stood by his ruling and allowed the evidence to come in against Adigun.

On the morning of trial, Adigun asked for a continuance and a new lawyer, which

---

[1] As the facts of this case have been discussed in depth in previous orders, the Court only briefly recites the procedural history. For a full discussion of the facts, see the Court's Order of April 20, 2015 (Doc. 44).

Judge Murphy denied (*Id.*, Doc. 176). After some consideration, Adigun elected to plead open, without a plea agreement, rather than go to trial (*Id.*). Adigun was sentenced to a low-end guideline sentence of 151 months' imprisonment.

Adigun subsequently filed a timely appeal arguing, in relevant part, that the district court erred by failing to suppress certain evidence (*Id.*). The Seventh Circuit Court of Appeals denied the appeal, finding that an unconditional guilty plea precluded a challenge to the denial of a motion to suppress. *United States v. Adigun*, 703 F.3d 1014, 1019-22 (7th Cir. 2012). The Court of Appeals further noted that "the trial court is not obligated to inform defendants of the consequences of an unconditional plea on a potential appeal"—although, "it would have been preferable for the district court to have expressly advised [Adigun] as to the full extent of the waiver." *Id.* at 1020.

On December 12, 2013, Adigun filed his § 2255 motion, arguing that counsel was ineffective for five reasons—including that counsel failed to advise him that he waived his right to appeal pretrial motions by pleading guilty (Doc. 1). He also argued that his plea colloquy was defective, rendering his guilty plea unknowing and involuntary (*Id.*).

The undersigned denied Adigun's § 2255 motion on April 20, 2015, finding, in relevant part, that Adigun failed to show prejudice stemming from his counsel's erroneous advice regarding his appellate rights (Doc. 44). The Court further found that Adigun's guilty plea was not defective just because Judge Murphy failed to mention any waiver of appeal rights or ask whether his guilty plea was induced by a promise (*Id.*).

Rather than ask the Court to reconsider its decision at that point, Adigun filed a notice of appeal and an application for a certificate of appealability with the Seventh Circuit Court of Appeals (Doc. 48). The Court of Appeals, having reviewed the Court's

final order and the record on appeal, found "no substantial showing of the denial of a constitutional right." (Doc. 59-1). Accordingly, on February 26, 2016, the Seventh Circuit denied Adigun's request for a certificate of appealability (*Id.*).

On October 18, 2018, Adigun filed the instant motion for reconsideration (Doc. 44). Adigun asks the Court to reconsider its Order denying his § 2255 motion, asserting the Court never addressed his claim that his guilty plea was defective.

## DISCUSSION

Adigun does not cite a specific statute or rule under which he brings his "motion to reconsider," and the Federal Rules of Civil Procedure do not specifically provide for such motions. Rule 59(e) permits the filing of motions to alter or amend a judgment "no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). But Adigun's motion was filed three and a half years after the undersigned entered judgment (*see* Docs. 45, 46), so Rule 59(e) clearly does not apply.

Rule 60(b) authorizes motions for relief from final judgments or orders, but only under specific circumstances. Subsection (1) authorizes a court to relieve a party from a final judgment or order when there has been a mistake, inadvertence, surprise, or excusable neglect; subsection (2) permits relief when there is newly discovered evidence; and subsection (3) allows relief for fraud, misrepresentation, or misconduct by an opposing party. A motion made under these subsections must be made no more than one year after entry of judgment, and the Court may not extend that time. *United States v. Deutsch*, 981 F.2d 299, 302 (7th Cir. 1992). Accordingly, it is too late for Adigun to seek reconsideration under subsections (1), (2), or (3). And subsections (4) and (5) clearly have no applicability here, as they apply to void or satisfied judgments.

That leaves subsection (6), which allows a Court to relieve a party from a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). While this subsection is not governed by the one-year limitation, motions still must be made "within a reasonable time." *Id.*; *Deutsch*, 981 F.2d at 302.

Adigun does not address the fact that his motion was filed several years after the entry of judgment. He does, however, state that in light of the U.S. Supreme Court's holding in *Lee v. United States*, 137 S.Ct. 1960 (2017), he is entitled to relief. Assuming, *arguendo*, that Adigun is correct, his motion to reconsider still must be denied, as it is well-settled that "a change in law showing that a previous judgment may have been incorrect is not an 'extraordinary circumstance' justifying relief under Rule 60(b)(6)." *Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)); *see also Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013) ("Rule 60(b) cannot be used to reopen the judgment in a civil case just because later authority shows that the judgment may have been incorrect.").

Finally, even if Adigun's motion were timely, the Court sees no basis for relief, as its order denying Adigun's § 2255 motion clearly addressed and disposed of his argument that his plea colloquy was defective (*see* Doc. 44).

For these reasons, the Motion to Reconsider § 2255 Motion filed by Petitioner Adebisi Tafike Adigun (Doc. 60) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** March 6, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**